IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DAVID DOUGLAS,<br><br>Defendant. | Case No. CR11-3044<br><br>ORDER GRANTING REQUEST TO KEEP RECORD OPEN |

This matter comes before the Court on the Request to Keep Record Open for Further Evidence (docket number 27) filed by the Defendant on November 8, 2011; the List of Case Law and Statutory Authority (docket number 31) filed by the Defendant on November 10, 2011; the Supplemental Brief (docket number 33) filed by the Government on November 11, 2011; and the Reply (docket number 34) filed by the Defendant on November 12, 2011. Pursuant to Local Rule 7.c, the matter will be deemed submitted without further oral argument.

## I. BACKGROUND FACTS AND PROCEEDINGS

On September 29, 2011, Defendant Christopher David Douglas was charged by Indictment with one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. Defendant entered a plea of not guilty and trial was scheduled for November 28, 2011. Defendant's original attorney was permitted to withdraw, however, and new counsel asked that the trial be continued. The trial is now scheduled for January 3, 2012. A Status Hearing is scheduled on December 7, 2011.

On November 1, 2011, Defendant timely filed a motion to suppress statements. The motion was amended on November 3, 2011. The Government filed its resistance on November 7, 2011. The motion came on for hearing on November 9, 2011.

Defendant asserts that he did not knowingly and voluntarily waive his *Miranda* rights, and that his subsequent statements to officers were not made voluntarily. Defendant's argument rests, in part, on a claim that because of below-average intelligence, he was "unable to comprehend" the meaning of the *Miranda* warning. At the hearing on his motion to suppress, Defendant offered testimony that he was in "special education" classes and received the services of a tutor while in high school. Defendant graduated from high school, albeit 262nd out of 269 in his class.

Prior to the hearing on the motion to suppress, Defendant filed the instant request to keep the record open for further evidence. Defendant filed an application seeking authority to retain an expert witness to "conduct necessary testing and evaluate the facts and circumstances of the interrogation." According to Defendant's brief, "[t]he Defendant's request for expert services has been approved by Judge Reade."[1] Defendant asks that the record be held open to allow for this expert testimony.

## II. DISCUSSION

Defendant claims in his amended motion to suppress that he lacked the intelligence and understanding to knowingly and voluntarily waive his *Miranda* rights and to voluntarily respond to the officers' questions. The Eighth Circuit Court of Appeals recently summarized the analysis applicable to a *Miranda* waiver:

> There are "two distinct dimensions" to the inquiry whether a suspect's waiver of his *Miranda* rights was voluntary, knowing, and intelligent. First, the waiver "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Second, the suspect must have waived his rights "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." We consider the totality of the circumstances in determining whether a suspect's waiver is valid.

*United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (internal citations omitted).

---

[1] *See* List of Case Law and Statutory Authority (docket number 31) at 6.

"To determine whether a waiver or a confession was voluntary, a court looks at the totality of the circumstances and must determine whether the individual's will was overborne." *United States v. Syslo*, 303 F.3d 860, 866 (8th Cir. 2002). In *Fare v. Michael C.*, 442 U.S. 707 (1979), the Court described the "totality-of-the-circumstances approach" in determining whether the accused knowingly and voluntarily waived his *Miranda* rights.

> The totality approach permits – indeed, it mandates – inquiry into all the circumstances surrounding the interrogation. This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.

442 U.S. at 725. While the accused in *Fare* was a juvenile, the Court applied the same totality of the circumstances approach used when determining whether an adult has waived his rights. *Id.*

Accordingly, it is clear that an accused's intelligence and "capacity to understand" are relevant, along with all of the other facts and circumstances, in determining whether he has knowingly and voluntarily waived his *Miranda* rights. Since these factors are relevant and properly considered by the Court, Defendant is entitled to offer testimony on those subjects, including appropriate expert testimony. Here, Chief Judge Reade has authorized Defendant to retain an expert to evaluate Defendant for these purposes. Accordingly, the Court concludes that the record on the motion to suppress should be left open to permit Defendant to offer further evidence in this regard.

### III. ORDER

Defendant may file, under seal, a written report from his expert witness, not later than **December 5, 2011.** A copy of the report must be provided to counsel for the Government. At the status hearing on December 7, 2011, the Court will hear oral argument regarding whether Defendant is permitted or required to make the expert witness

3

available for cross-examination by the Government. The Court will also consider any argument by the Government regarding whether it is entitled to have Defendant examined by its own expert witness.

IT IS SO ORDERED.

DATED this 14th day of November, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA